**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory SWAN, Defendant–Appellant.**

**No. 98–3760.**

United States Court of Appeals, Seventh Circuit.

Oct. 3, 2000.

Before EASTERBROOK, ROVNER, DIANE P. WOOD, Circuit Judges.

## ORDER

The government has filed a document that it has styled a "Petition of the United States for Rehearing" in this case, in which it asks the court to revise some of the language in the opinion that was issued earlier. See *United States v. Swan*, 224 F.3d 632 (7th Cir.2000). This is not a proper petition for rehearing, for the simple reason that it does not seek an alteration in the judgment of the court. While this might seem like a technical quibble, it is not. A proper petition for rehearing has the effect of tolling the time available to any party in the case to seek a writ of certiorari in the Supreme Court. See Supreme Court Rule 13.3. Without such a petition, the time runs from the date of the entry of the judgment or order sought to be reviewed. *Id.*

Having said that, we are nonetheless entitled to construe the government's filing as a suggestion for certain changes in the text of the opinion that was issued. The government is concerned that certain language in the opinion could be construed in a manner inconsistent with the Supreme Court's decision in *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122

L.Ed.2d 525 (1993), which established the requirements for a conviction under 18 U.S.C. § 1962(c). *Reves,* it points out, held that "'to conduct or participate, directly or indirectly, in the conduct of [a RICO enterprise's] affairs,' § 1962(c), one must participate in the operation *or* management of the enterprise itself." 507 U.S. at 185, 113 S.Ct. 1163 (emphasis added). Although the *Swan* opinion correctly reflects this test in most places, there are a few passages that could be read to impose a cumulative requirement of operation *and* management, or operation, management, *and* control.

We agree that the opinion could be confusing in this respect and could be misinterpreted in the future, and we therefore on our own amend it as follows:

Slip opinion at 3, lines 21–29 [224 F.3d at 635]:

> *Young,* 507 U.S. 170, 179, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). In other words, she must have participated in the operation or management of the enterprise itself. See *id.* at 183, 113 S.Ct. 1163; *Goren v. New Vision Int'l Inc.,* 156 F.3d 721, 727–28 (7th Cir.1998). *Reves* also held that "[a]n enterprise might be 'operated' or 'managed' by others 'associated with' the enterprise who exert control over it ...." 507 U.S. at 184, 113 S.Ct. 1163.

The government insisted upon and the court permitted the following jury instruction on Count 1:

Slip opinion at 4, line 22 [224 F.3d at 635]:

> ed in the management or operation of the enterprise.

Slip opinion at 4, line 38 [224 F.3d at 635]:

> participation in the management or operation of the enter-

Slip opinion at 5, line 17 [224 F.3d at 636]:

> managed or operated the enterprise, and because the

A corrected version of the opinion reflecting these changes will be issued in due course.